UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 8:18-cv-

APPROXIMATELY $24,800,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(c), approximately $24,800 in United States currency (Defendant Funds) as property which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 863, which makes it unlawful for any person to sell or offer for sale drug paraphernalia.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

   a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

   b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $24,800 in United States currency that was seized on October 27, 2017 from Jacob Lee Stutzman. Homeland Security Investigations (HSI) took custody of the Defendant Funds, and the funds remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. Pursuant to Title 21, United States Code, Section 863, it is a crime for any person to sell or offer for sale drug paraphernalia. Drug paraphernalia "means any equipment, product, or material of any kind which is primarily intended or designed for use in . . . ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under [21 U.S.C. Chapter 13]." It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body, such as pipes, water pipes, and bongs.  21 U.S.C. § 863(d)

8. The Defendant Funds are proceeds of the sale of drug paraphernalia in violation of 21 U.S.C. § 863.  Because the Defendant Funds represent proceeds of a violation of 21 U.S.C. § 863, they are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which authorizes the United States to civilly forfeit any property that constitutes or is derived from

proceeds traceable to a "specified unlawful activity," as defined in 18 U.S.C.§ 1956(c)(7).  "Specified unlawful activity," is defined in 18 U.S.C. § 1956(c)(7) to include offenses listed in 18 U.S.C. § 1961(1), which includes the sale of drug paraphernalia in violation of 21 U.S.C. § 863.

## FACTS

9. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by HSI Special Agent Marko Sagaro, who states as follows.

10. On October 27, 2017, Transportation Security Administration (TSA) Officers conducting routine screening at Tampa International Airport detected $24,800 in United States currency in the carry-on bag of Jacob Lee Stutzman who was en route to Colorado. TSA notify Homeland Security Investigations (HSI) Special Agents and the Tampa International Airport Police.

11. Law enforcement agents responded and questioned Stutzman. Stutzman claimed he lived in Colorado where he was attending community college and had arrived in Tampa on October 25, 2017 to visit his parents. When asked how much money was in his backpack, Stutzman claimed it contained $28,000.

12. When questioned about the United States currency he was carrying, Stutzman (after first giving other stories about the currency) claimed is was money he made from selling four bongs to friends he knew from Newsome High School (which he had attended). Stutzman claimed he sold the bongs for $26,000 (one for $8,000, one for $5,000, one for $9,000, and one for $4,000). When asked if the bongs had been used, Stutzman replied that he had used one of the bongs for smoking marijuana. With regard to the friends who had purchased the four bongs, Stutzman said what they did with the bongs was their business and he doesn't ask. Stutzman admitted that he only knew of one reason why people buy bongs and that is to smoke marijuana.

13. Stutzman allowed agents to search his wallet and in it agents found $1,900 and several business cards for Colorado marijuana distributors.

14. Stutzman claimed he sold glass bongs (and paintings) with a partner through their website "The Heady Connect".

15. Stutzman stated that he sold approximately 40 to 45 bongs and 10 to 15 prints in 2016 and made about $50,000 that year.

16. Agents later visited The Heady Connect website at www.theheadyconnect.com. In order to enter the site, visitors are required to represent they are at least 21 years of age. (see below screen shot)



17. Once a visitor enters The Heady Connect website, they can purchase bongs that range in price from a few hundred dollars to $20,000. The below bongs are three of the bongs offered for sale on the website.



| $8000 | $2000 | $8000 |

18. Based on the totality of the circumstances, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## CONCLUSION

19. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute proceeds traceable to a violation of 21 U.S.C. § 863, which makes it unlawful for any person to sell drug paraphernalia. The Defendant Funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and

that the United States have such other and further relief as this case may require.

Dated: March 15, 2018

                              MARIA CHAPA LOPEZ
                              United States Attorney

By: _____
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar No. 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida 33602
       Telephone: (813) 274-6000
       E-mail: james.muench2@usdoj.gov

## VERIFICATION

I, Marko Sagaro, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other HSI Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of March, 2018.

_____
Marko Sagaro
Special Agent
Department of Homeland Security

9

# CIVIL COVER SHEET

This JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**UNITED STATES OF AMERICA**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James A. Muench, AUSA
United States Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
(813) 274-6000

## DEFENDANTS

**APPROXIMATELY $24,800**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)
N/A

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

**x** 1 U.S. Government Plaintiff
☐ 2 U.S. Government
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for plaintiff and one box for defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **X** 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment |  | ☐ 640 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos personal Injury Product Liability | ☐ 650 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Medicare Act | ☐ 340 Marine | ☐ 660 Airline Regs. Occupation Safety/Health | ☐ 840 Trademark |  |
| ☐ 153 Recovery of Defaulted Student loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud |  | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Other Contract Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 | ☐ 441 Voting |  |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Land condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Rent Lease & Ejectment | ☐ 444 Welfare | **HABEAS CORPUS:** |  |  |
| ☐ 290 Torts to Land Tort Product Liability All Other Real Property | ☐ 440 Other Civil Rights | ☐ 530 General / ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 535 Death Penalty / ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

**x** 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

GOVERNMENT SEEKS FORFEITURE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 981(a)(1)(c)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**
**JURY DEMAND** ☐ YES **x** NO

CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY (See Instructions):

DATE
03/15/18

SIGNATURE OF ATTORNEY OF RECORD
s/James A. Muench

FOR OFFICE USE ONL

JAMES A. MUENCH, ASSISTANT U.S. ATTORNEY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____